UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CLAYTON HOLDINGS LLC,**

    Plaintiff,

v.                                           CASE NO.: 8:10-CV-2060-T-33EAJ

**ANDREW DeGOOD,**

    Defendant.

_____/

## ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Plaintiff Clayton Holdings LLC ("Clayton" or the "Company"), has moved this Court for the entry of an emergency temporary restraining order ("TRO"), preliminary injunction and permanent injunction in the above-referenced matter. This Court has reviewed and considered Plaintiff's Motion and Incorporated Supporting Memorandum of Law, as well as the allegations set forth in Plaintiff's Verified Complaint. Having considered the allegations in the Motion and Verified Complaint, and the arguments and case law presented in the Supporting Memorandum of Law, its is hereby

**ORDERED, ADJUDGED, and DECREED:**

A.    Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. # 3) is **GRANTED and is effective as of 5:00 p.m. this 17th day of September, 2010.** Plaintiff shall post security with the Clerk of the Court in the amount of $5,000.00 no later than September 20, 2010.

B.    Defendant DeGood is temporarily restrained and enjoined from utilizing and/or disclosing Clayton's confidential information and/or trade secrets;

C. Defendant DeGood is temporarily restrained and enjoined from working with Allonhill, LLC, or otherwise breaching the non-competition provision of his Non-Competition Agreement with Clayton;

D. Defendant DeGood is temporarily restrained and enjoined from soliciting any of Clayton's clients or prospective clients that existed while Defendant DeGood was employed with Clayton;

E. Defendant DeGood is temporarily restrained and enjoined from soliciting Clayton's employees; and

F. Defendant DeGood is temporarily restrained and enjoined from engaging in tortious interference with the advantageous business and contractual relationships between Clayton and Clayton's existing or prospective clients.

G. In accordance with Rule 65(b)(2), Fed. R. Civ. P., this Order shall remain in full force and effect until **5:00 p.m. on October 1, 2010**, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court.

H. The parties are granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court.

I. Plaintiff's Motion for Preliminary Injunction (Doc. # 3) is hereby referred to the Magistrate Judge for report and recommendation. A hearing on the motion shall be set on or before October 1, 2010, subject to extension of this TRO pursuant to Rule 65(b)(2), Fed. R. Civ. P.

J. Plaintiff is directed to obtain immediate service of process on Defendant. In addition to the summons, complaint and this TRO, Plaintiff must also serve all motions, briefs,

affidavits, and exhibits submitted to the Court, as well as such additional affidavits or other papers upon which it will rely in seeking to convert the temporary restraining order into a preliminary injunction.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of September, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE